IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| KRISTEN SHERWOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE CO., INC., )<br>Fictitious Defendant Driver "A", USAA )<br>CASUALTY INSURANCE COMPANY, and )<br>Fictitious Defendant "B", and "C", whether )<br>Singular or plural, those other persons, )<br>Corporations, firms or other entities whose )<br>Wrongful conduct caused or contributed to )<br>Cause the injuries and damages to Plaintiff, all )<br>Of whose true and correct names are unknown )<br>To Plaintiff at this time, but will be added by )<br>Amendment when ascertained, )<br>)<br>)<br>Defendants. ) | CASE NUMBER:<br><br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

COMES NOW Defendant United Parcel Service, Co., Inc. ("UPS"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action filed by Plaintiff Kristen Sherwood in the Circuit Court of Madison County to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice, Defendant UPS states as follows:

1

## A.     PROCEDURAL BACKGROUND

1. Any civil case filed in state court may be removed by the defendant to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

2. Defendant UPS files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. This action was commenced by Plaintiff on March 23, 2022, in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2022-900333. The documents attached hereto as **Exhibit A** constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

4. In addition to Defendant UPS, Plaintiff named USAA Casualty Insurance Company as a defendant in this action.

5. Plaintiff's state court Complaint pleads causes of action for: (1) Defendant UPS' vicarious liability pursuant to negligence and wantonness for Fictitious Defendant Driver "A" alleged misconduct, (2) Defendant UPS' direct

liability as to negligent and wanton entrustment as well as (3) negligent and wanton hiring, training, retention and supervision as to Fictitious Driver "A" operation of the UPS vehicle. **Exhibit A – Doc. 2**.

6. According to Plaintiffs' Complaint, on or about May 22, 2020, Plaintiff was traveling on Governors Dr., in Madison County, Alabama. Ex. A, Doc. 2. Plaintiff further alleges that Fictitious Defendant Driver "A" forced the plaintiff and her vehicle off the road, causing plaintiff to lose control. Plaintiff struck an embankment and her vehicle flipped multiple times. Plaintiff alleges she suffered "substantial injuries".

7. Within thirty (30) days of receiving the Complaint providing notice that this case is removable, Defendant UPS filed the instant Notice.

8. Immediately after the filing of this Notice, Defendant UPS will file a copy with the Clerk of the Circuit Court for Madison County, Alabama as required by 28 U.S.C. § 1446(d).

9. Defendant United Parcel Service Co., Inc. is a Delaware Corporation, with a principal place of business in Atlanta, Georgia.

10. Defendant USAA Casualty Insurance Company is a Texas company with a principal place of business in San Antonio, Texas.

11. Plaintiff Sherwood is a resident of Guntersville in Marshall County, Alabama.

## B. DIVERSITY OF THE PARTIES

12. For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed. *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

13. An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that State. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). Domicile is determined by two factors: residence and intent to remain. *Id.; Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

14. A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 2016 U.S. App. LEXIS 9695, at *3 (11th Cir., May 27, 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.*

15. On information and belief, Plaintiff is a citizen of the State of Alabama, which is confirmed by her Complaint. **Exhibit A - Doc. 2 at ¶ 1.** Specifically, Plaintiff is a United States citizen and resides in Marshall County, Alabama. Id.

16. Defendant UPS is a publicly held company incorporated and operating under the laws of Delaware. The company's principal place of business is located in Atlanta, Georgia. *See* Footnotes 1 & 2, *supra*. Thus, Defendant UPS is a citizen of the State of Delaware and Georgia.

17. Defendant USAA is a privately held company incorporated and operating under the laws of Texas. The company's principal place of business is located in San Antonio, Texas. Thus, Defendant USAA is a citizen of the State of Texas. USAA has consented to this removal.

### C. THE AMOUNT IN CONTROVERSY

18. In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

19. Plaintiff's Amended Complaint alleges that Plaintiff suffered "serious injuries" and irreparable damage to property. **Exhibit A - Doc. 2 at ¶¶ 20.** According to the crash report, Plaintiff hit an embankment before flipping her car multiple times, causing her to be ejected from the vehicle.

20. The actual amount in controversy is unclear because Plaintiff did not list a specific amount sought in her Complaint. However, the Complaint clearly

contemplates the recovery of compensatory and punitive damages (e.g., claiming negligence and wantonness and seeking damages for significant property damage and "serious injuries" including lost wages, court costs, and attorney's fees.

21.   According to recent decisions in the Northern District of Alabama, Plaintiff's Complaint, which asserts claims of negligence and wantonness and alleges "serious injuries" as well as "significant property damage," on its face establishes the requisite amount in controversy. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. … Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse

parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court…").

22. In *Bush, supra,* this Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *See Bush*, 132 F.Supp.3d at 1321-1322. Despite the fact the Complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. In *Bush*, Judge Acker further opined, "This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id.* at 1318-1319. "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in

her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319 (citing *Smith*, 868 F.Supp.2d 1333 (N.D. Ala. 2012)).

23. In the present case, Defendant UPS denies liability to Plaintiff in any amount, but does not dispute that the amount in controversy exceeds $75,000.00.

24. Based upon the above-cited authorities, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

25. As mentioned above, the filing of this Notice of Removal is within thirty (30) days from the date Plaintiff filed her Complaint and is therefore timely. *See* 28 U.S.C. § 1446(b)(3).

### D.  CONCLUSION

26. All procedural requirements with respect to timing, diversity of citizenship and amount in controversy have been satisfied, and removal is therefore proper. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant UPS prays this cause, now pending before the Circuit Court of Madison County, Alabama, be removed to the United States District Court for the Northern District of Alabama, Northeastern Division.

Respectfully submitted this the 20th day of April, 2022.

/s/ Margaret Manuel
Brett A. Ross                  (asb-6771-o76)
Margaret H. Manuel        (asb-4705-e40h)
*Attorneys for Defendant United Parcel Service Co., Inc.*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
bross@carrallison.com
mmanuel@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading to the below named attorney of record by using the e-file system on this the 20th day of April, 2022.

Michael Slocumb
Charles W. Beene
Stacey C. Hansen
**SLOCUMB LAW FIRM, LLC**
3500 Blue Lake Drive, Suite 450
Birmingham, Alabama 35243
Telephone: (205) 564-1130
Facsimile: (205) 573-1166

/s/ Margaret Manuel
OF COUNSEL