Case 5:22-cv-00499-CLS   Document 1-1   Filed 04/20/22   Page 1 of 11            FILED
DOCUMENT 2                                                    2022 Apr-20 PM 12:07
                                                              U.S. DISTRICT COURT
                                        ELECTRONICALLY FILED  N.D. OF ALABAMA
                                        3/23/2022 7:12 AM
                                        47-CV-2022-900333.00
                                        CIRCUIT COURT OF
                                        MADISON COUNTY, ALABAMA
                                        DEBRA KIZER, CLERK



## IN THE CIRCUIT COURT FOR MADISON COUNTY, ALABAMA

| | |
|---|---|
| **KRISTEN SHERWOOD,** | * |
| | * |
| Plaintiff, | * |
| | * Case No.: CV - 2022 - _____ |
| v. | * |
| | * **JURY TRIAL DEMANDED** |
| **UNITED PARCEL SERVICE CO., INC.,** Fictitious Defendant Driver "A," **USAA CASUALTY INSURANCE COMPANY,** and Fictitious Defendant "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * * * * * * * * * * * * |
| | * |
| Defendants. | * |

## COMPLAINT

This is an action by Plaintiff, Kristen Sherwood (herein after referred to as "Plaintiff") against Defendants, United Parcel Service Co., Inc. (herein after referred to as "Defendant UPS"), Fictitious Defendant Driver "A", USAA Casualty Insurance Company, (herein after referred to as "Defendant USAA"), and Fictitious Defendant "B" and "C" for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about May 22, 2020.

### PARTIES, JURISDICTION, VENUE

1) Plaintiff was a resident and citizen of Marshall County, Alabama at all times material to the issues in this case.

2)	Upon information and belief, Defendant UPS is a Corporation, doing business in Madison County, Alabama, at all times material to the issues in this case. Defendant UPS may be served through its registered agent, Corporation Service Company Inc., at 641 South Lawrence Street, Montgomery, AL 36104.

3)	Upon information and belief, Fictitious Defendant Driver "A" is a resident and citizen of Alabama, all times material to the issues in this case and an employee and/or agent of Defendant UPS and was doing business for said Defendant UPS in Alabama at all times material to the issues in this case. Fictitious Defendant Driver "A" is being sued in both their official and individual capacities.

4)	Defendant USAA is a foreign corporation registered to do business in the State of Alabama, at all times material to the issues in this case. Defendant may be served through its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, AL 36104.

5)	Fictitious Defendant "B" and "C", are those persons or entities whose names will be substituted upon learning their true identities.

6)	The motor vehicle accident that gives rise to this complaint occurred in Madison County, Alabama.

7)	Venue is proper in Madison County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

8)	On or about May 22, 2020, Plaintiff was traveling on Governors Dr., in Madison County, Alabama.

9)	At said time and place, Fictitious Defendant Driver "A" was also was traveling on Governors Dr., in Madison County, Alabama.

2

10) At said time and place, Fictitious Defendant Driver "A" forced the plaintiff and her vehicle off the road, causing the plaintiff's vehicle to lose control.

11) At said time and place, the plaintiff's vehicle struck the embankment and flipped multiple times.

12) At the time of the collision, Fictitious Defendant Driver "A" was an employee and/or agent of Defendant UPS and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant UPS, at all times material to the issues in this cause of action.

13) Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant and/or Fictitious Defendants.

14) Plaintiff holds an uninsured/under insured motorists policy with Defendant USAA.

## COUNT ONE - NEGLIGENCE

15) The Plaintiff in this Count is Plaintiff Sherwood. The Defendants in this Count are Defendant UPS and Fictitious Defendant Driver "A", individually

16) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 13 hereinabove as fully and completely as if the same were set forth verbatim herein.

17) At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant UPS's, Fictitious Defendant Driver "A" operated said vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

18) In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant UPS's agent and/or employee, Fictitious Defendant Driver "A":

(a) Negligently failed to exercise ordinary care.

(b) Negligently failed to keep a proper look out.

(c) Negligently failed to maintain proper control of said vehicle.

(d) Negligently failed to yield the motor vehicle in which Plaintiff was operating.

(e) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

19) The Plaintiff avers that the acts and conduct of Defendant UPS's agent and/or employee, Fictitious Defendant Driver "A" on said occasion constitutes common law negligence. The Plaintiff further avers that the acts and conduct of the said Fictitious Defendant Driver "A", on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

20) As the proximate consequence of said negligence, Defendant UPS's agent and/or employee, Fictitious Defendant Driver "A", (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, the Plaintiff was caused to sustain serious injuries.

21) The Plaintiff avers that said negligent acts and conduct of the said Fictitious Defendant Driver "A", on said occasion, are imputed to Defendant UPS, and Defendant UPS and Fictitious Defendant Driver "A", are jointly and severally liable for the serious injuries of the plaintiff, as a result of said negligent acts and conduct of the said Fictitious Defendant Driver "A".

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is

entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

22)   The Plaintiff in this Count is Plaintiff Sherwood. The Defendants in this Count are Defendant UPS and Fictitious Defendant Driver "A", individually.

23)   Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 20 hereinabove as fully and completely as if the same were set forth verbatim herein.

24)   At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant UPS, Fictitious Defendant Driver "A" operated said vehicle in such a reckless and wanton manner as to (a) cause said vehicle to collide with the vehicle which plaintiff was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

25)   In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant UPS's agent and/or employee, Fictitious Defendant Driver "A":

(a) Recklessly and Wantonly failed to exercise ordinary care.

(b) Recklessly and Wantonly failed to keep a proper look out.

(c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

(d) Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was operating.

(e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

26) The Plaintiff avers that the acts and conduct of Defendant UPS's agent and/or employee, Fictitious Defendant Driver "A", on said occasion, constitutes statutory recklessness and wantonness. The Plaintiff further avers that the acts and conduct of the said Fictitious Defendant Driver "A", on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

27) As the proximate consequence of said recklessness and wantonness of Defendant UPS's agent and/or employee, Fictitious Defendant Driver "A", (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, Plaintiff was caused to sustain serious injuries.

28) The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Big Bad Defendant, on said occasion, are imputed to Defendant UPS, and Defendant UPS and Fictitious Defendant Driver "A", are jointly and severally liable to for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Fictitious Defendant Driver "A".

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### COUNT THREE- NEGLIGENT AND WANTON ENTRUSTMENT

29) The Plaintiff in this Count is Plaintiff Sherwood. The Defendant in this Count is Defendant UPS.

30) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 29 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth

verbatim herein

31) The Plaintiff avers that on the occasion made the basis of this case, Defendant UPS negligently, recklessly and wantonly entrusted said vehicle to the said Fictitious Defendant Driver "A"; that the said Fictitious Defendant Driver "A"; was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant UPS knew, or by the exercise of reasonable care should have known, that the said Fictitious Defendant Driver "A"; was unsuitable to have said vehicle entrusted to them.

32) The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to the said Fictitious Defendant Driver "A"; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Fictitious Defendant Driver "A"; and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### COUNT FOUR- NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, and SUPERVISION

33) The Plaintiff in this Count is Plaintiff Sherwood. The Defendant in this Count is Defendant UPS.

34) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 33 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

35) The Plaintiff avers that Defendant UPS hired, trained, retained and supervised Defendant

7

Big Bad Defendant, as a driver for a commercial vehicle.

36) The Plaintiff avers that the Defendant UPS:

(a) Acted in a negligent, reckless and wanton manner in Fictitious Defendant Driver "A", as a commercial vehicle driver,

(b) Acted in a negligent, reckless and wanton manner in retaining Fictitious Defendant Driver "A", as a commercial vehicle driver,

(c) Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Fictitious Defendant Driver "A", as a commercial vehicle driver, and

(d) Acted in a negligent, reckless and wanton manner in failing to instill in Fictitious Defendant Driver "A" qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant UPS entrusted to Fictitious Defendant Driver "A", as a commercial vehicle driver on the public highways of Alabama and other states.

37)   The Plaintiff further avers that the serious injuries of the plaintiff are the proximate results of said negligence and wantonness of Defendant UPS in the hiring, training, retention, monitoring, and supervision of the said Fictitious Defendant Driver "A", as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FIVE- UNDERINSURED MOTORIST COVERAGE

38) The Plaintiff in this Count is Plaintiff Sherwood. The Defendant in this Count is Defendant USAA.

39) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 39 hereinabove and all of the factual averments of Count One, Count Two, Count Three, and Count Four hereinabove as fully and completely as if the same were set forth verbatim herein.

40) The person at fault in the above-referenced collision, Fictitious Defendant Driver "A", is presumed to have had an insurance policy in place at the time of the collision through their employer, Defendant UPS.

41) At the time of the motor vehicle collision that forms the basis of this Complaint, Plaintiff had an insurance policy with Defendant USAA that provided Uninsured/Under Insured Motorist coverage.

42) The above-referenced policy through Defendant UPS does not provide adequate coverage for the claims and damages sustained by Plaintiff.

WHEREFORE, the Plaintiff demands judgment against Defendant USAA for all compensatory damages, court costs, and attorney's fees to which Plaintiff is entitled.

## COUNT SIX- FICTITIOUS DEFENDANTS

43) The Plaintiff in this Count is Plaintiff Sherwood.

44) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 43 hereinabove and all of the factual averments of Count One, Count Two, Count Three, Count Four, and Count Five hereinabove as fully and

completely as if the same were set forth verbatim herein.

45) Fictitious Defendants "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A,", "B," and "C," both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This March 23, 2022.

Respectfully submitted,

/s/ *Michael Slocumb*
MICHAEL SLOCUMB (SLO010)
/s/ *Charles W. Beene*
CHARLES W. BEENE (BEE016)
/s/ *Stacy C. Hansen*
STACY C. HANSEN (HAN080)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
3500 Bluelake Drive, Ste. 450
Birmingham, AL 35243
Tel. No. (205)564-1130
Fax No. (205)573-1166

DOCUMENT 2

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at her respective mailing address as follows:

**United Parcel Service Co., Inc.**
Registered agent: Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104


**Fictitious Defendant Driver "A"**
Unknown


**USAA Casualty Insurance Company**
Registered agent: Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

/s/ *Stacy C. Hansen*
STACY C. HANSEN
OF COUNSEL